UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALDINE H. GILBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-5278** |
| **UNITED SERVICES AUTOMOBILE ASSOCIATION** | **SECTION B (5)** |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Rec. Doc. No. 3) and Defendant's Motion for Appeal of Magistrate Judge Decision (Rec. Doc. No. 18).  After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED**.
**IT IS FURTHER ORDERED** that Defendant's Motion for Appeal of Magistrate Judge Decision is **DISMISSED as MOOT**.

### *BACKGROUND*

Plaintiff Geraldine Gilbert was a homeowner whose property located at 7210 Cove Drive, New Orleans, Louisiana received both flood and wind damage during Hurricane Katrina.  She held a flood insurance policy with USAA General Indemnity Company ("USAA GIC") and a homeowner's insurance policy with Defendant United Services Automobile Association ("USAA").  Plaintiff filed suit due to inadequate recovery after Hurricane Katrina.  Plaintiff filed suit against USAA, asserting claims for insurance coverage, breach of contract, and penalties and attorneys' fees under La. R.S. §22:658 and La. R.S. §22.1220, for alleged damages sustained

by her property as a result of Hurricane Katrina, as well as the subsequent looting and vandalism of the Plaintiff's property.

On November 19, 2007, Defendant filed a Motion to Dismiss based on the lack of subject matter jurisdiction. The hearing date for this motion was December 12, 2007. On December 4, 2007, Plaintiff filed a Motion to Substitute Party, which was granted by Magistrate Judge Chasez. This motion constituted Plaintiff's first amendment to its complaint. On December 20, 2007, Magistrate Judge Chasez granted Plaintiff's motion for leave to file first amended complaint, but expressly deferred to this Court the substantive issue of subject matter jurisdiction. In the amended complaint, Plaintiff added flood insurer USAA General Indemnity Company (USAA GIC) and "federal question claims", that would presumably defeat the challenge to subject matter jurisdiction if this Court exercises supplemental jurisdiction over the USAA claim.

Defendant contends that this Court lacks subject matter jurisdiction over the instant matter as there is not complete diversity between the parties. Defendant supports this claim by pointing out that USAA is a reciprocal interinsurance exchange, which constitutes an unincorporated association, and is thus deemed a citizen of each and every state in which it has members.

In response to Plaintiff's opposition to Defendant's Motion to Dismiss, as well as in the form of Motion for Review of Magistrate Judge Chasez's order granting Plaintiff's Motion for

Leave to File First Amended Complaint, Defendant asserts that amendment of the complaint to add flood insurer USAA GIC is improper because subject matter did not exist at the time of the filing of Plaintiff's original complaint. Defendant states that Fed. R. Civ. P 15(a) amendment as a matter of right presumes federal subject matter jurisdiction over the originally filed complaint; Plaintiff may not, however, create jurisdiction if it did not exist at the time of the filing of the original complaint. Defendant asserts that because the federal rules preclude the exercise of supplemental jurisdiction where original jurisdiction is lacking, the absence of subject matter jurisdiction over Plaintiff's original complaint precludes Plaintiff from amending her complaint to add claims against USAA GIC.

In its reply to Plaintiff's Opposition, Defendant asserts that even if the Court permitted Plaintiff's improper amendment of the pleadings to include "federal question" claims against a different defendant, the additional claims would not support the exercise of supplemental jurisdiction over the originally filed action against USAA.

In Support of its Motion for Review of Magistrate Judge Chasez's grant of leave to file the amended complaint, Defendant USAA states that the absence of federal subject matter jurisdiction over the Plaintiff's originally filed complaint makes the Magistrate's order granting Plaintiff leave to amend

the Complaint contrary to Fifth Circuit law as well as law from the Eastern District of Louisiana.

Plaintiff asserts that because 42 U.S.C.A. §4001, commonly referred to as the National Flood Insurance Act, ensures original jurisdiction over all flood related claims.  Plaintiff states that under 28 U.S.C.A. § 1367, this Court has supplemental jurisdiction over USAA and claims wind insurance claims also caused by Hurricane Katrina waged against it (an affiliate of USAA GIC) by Plaintiff.

In response to Defendant's Motion for Review of the Magistrate Judge's Order, Plaintiff highlights that USAA does not dispute that this Court would have original jurisdiction over the wind claim arising out of the same incident.  Plaintiff argues that Defendant USAA wants to defeat the retroactive effect of the First Amended Complaint allowed under FRCP 15, but that Plaintiff still has the right to file an amended complaint; prescription may be argued separately.

### DISCUSSION

**Motion to Dismiss 12(b)(1) and 12(h)(3) Standard**

A party may invoke Federal Rule of Civil Procedure 12(b)(1) to challenge a district court's subject matter jurisdiction.  The Court must grant a motion to dismiss for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998)(citation

omitted).  The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper.  *Dow Agrosciences, LLC v. Bates,* 332 F.3d 323, 326 (5th Cir. 2003). Whenever it appears by suggestion of the parties or otherwise that a court lacks jurisdiction over an action's subject matter, the court must dismiss the action according to Fed. R. Civ. P. 12(h)(3).  *Halaris v. Viacom, Inc.,* 2007 WL 4145405 (N.D. Tex. 2007).  If a federal district court finds that there is no diversity of citizenship and that a case does not arise under the laws of the United States, as required by 28 U.S.C. § 1331, that court lacks power to consider the claims before it.  *Veldhoen v. U.S. Coast Guard,* 35 F.3d 222, 225 (5th Cir. 1994).

Under Federal Rule of Civil Procedure 15(c)(2), a complaint that is defective because it does not allege a claim within the subject matter jurisdiction of a federal court may be amended to state a different claim over which the federal court has jurisdiction so long as it arises out of the conduct or occurrence set forth in the original complaint.  *Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339, 343 (5th Cir. 2005).  In *Stanley v. Johnson*, the Fifth Circuit stated that "leave to amend defective allegations of subject matter jurisdiction should be given freely." 639 F.2d 1146, 1159 (5th Cir. 1981).  *Id.; see also Watkins v. Lujan*, 922 F.2d 261 (5th Cir. 1991); *see also Laredo Offshore Constructors, Inc., v. Hunt Oil Company*, 754 F.2d 1223 (5th Cir. 1985).

*Stanley* does not stand without limitations.  In *United States v. United States Fidelity & Guaranty Co.*, Plaintiff erroneously invoked federal law to file suit in federal court and attempted to preserve federal subject matter jurisdiction by amending its complaint to add a party, to which the federal law would apply. 959 F.Supp. 345 (E.D.La. 1996).  However, the Eastern District Court countered, "when a federal court lacks jurisdiction over the original complaint, as is the instant situation, the Federal Rules of Procedure do not allow the addition of a new party to create jurisdiction."  *Id*. at 347.  The court granted defendants' motion to dismiss and denied plaintiff's motion to amend, despite the fact that the party the plaintiff sought to add was a subcontractor involved in the transaction and occurrence at issue.  *United States Fidelity & Guaranty Co., however,* relies upon the Fifth Circuit ruling in *Aetna Casualty & Surety Co. v. Hillman*, which characterized attempts to amend complaints to secure diversity jurisdiction as "new lawsuit[s]." , 796 F.2d 770, 775 (5th Cir. 1986).  The Fifth Circuit explained in *Hillman* that if there was no diversity jurisdiction in the initial complaint, the Plaintiff has no ability to assert a claim against other defendants in an amended complaint.  *Id.* at 774.  However, *Hillman* involves an amendment to a complaint to drop a non-diverse **plaintiff** and adds a diverse entity as plaintiff to cure the jurisdictional defect.

In light of *Stanley*, this court declines to extend *Hillman,*

as was done in *United States Fidelity & Guaranty Co*. In the case at bar, Plaintiff may not assert diversity jurisdiction over USAA because it is an unincorporated association, and is thus deemed a citizen of each and every state in which it has members. Therefore, Plaintiff sought leave to amend the original complaint. Magistrate Judge Chasez permitted amendment of the complaint solely on procedural grounds, leaving for the District Court to determine if amendment is substantively proper. While Plaintiff's amended complaint invokes the National Flood Insurance Act, this Act may only be invoked against newly-added Defendant USAA GIC. Only through supplemental jurisdiction may USAA remain as part of the claim. The addition of a Defendant and the additional federal claim distinguishes this claim from *Hillman*, where the non-diverse plaintiff could not have ever filed suit. In this case, Plaintiff's amended complaint represents a viable claim that could have initially been filed in federal court by Plaintiff. Therefore, the Court relies upon *Stanley* to determine if the amended complaint secures jurisdiction.

In order to secure jurisdiction over USAA, this Court must exercise supplemental jurisdiction. 28 U.S.C.A §1367. The district court may decline to exercise supplemental jurisdiction if the claim raises a novel or complex issue of state law; the claim substantially predominates over the claim or claims over which the court has original jurisdiction; the court has

dismissed all claims over which it had original jurisdiction; or for exceptional or compelling reasons.  28 U.S.C. §1367(c). Defendant's reference to *Hubbard v. Blue Cross & Blue Shield Ass'n*, as support for its contention that supplemental jurisdiction should not be exercised presents a strong case to the contrary.  42 F.3d 942 (5th Cir. 1995).  In *Hubbard,* the Fifth Circuit reversed the summary judgment as to the state claim to enable the federal court to exercise its discretion as to whether to accept supplemental jurisdiction since the Court had federal law jurisdiction over a related claim.  *Id*. at 945-946. This Court has declined to extend *Hillman* to apply to the facts of this case so there is no need to examine cases in which there has been dismissal of the original claim, and as such, this Court exercises its discretion to extend supplemental jurisdiction to the wind claim against USAA.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **DENIED** and Defendant's Motion for Appeal of Magistrate Judge Decision is **DISMISSED as MOOT**.

New Orleans, Louisiana, this 11th day of March, 2008

IVAN L. R. LEMELLE

UNITED STATES DISTRICT JUDGE